Amanda S. Spencer *v.* M. L. Spencer.

**Contract of Purchase of Real Estate—Husband and Wife—Dower Release—Consideration.**

The release of the right of dower by a married woman is a valuable consideration for an agreement to cause other real estate to be conveyed to the wife, and where such real estate is wrongfully conveyed to the husband the wife, in a contest with the husband's creditors, may recover the land when no fraud is shown.

**APPEAL FROM MUHLENBURG CIRCUIT COURT.**

February 19, 1878.

OPINION BY JUDGE COFER:

The female appellant claims that in consideration that she would release her potential right to dower in the river farm, Spencer, her then husband, promised to cause the Mill property, purchased from Bunch and for a deed to which he then held Bunch's bond to be conveyed to her. And she also claims that in pursuance to, that promise, Spencer delivered Bunch's bond to her, and sent a written order to him to make the deed accordingly.

Bunch subsequently conveyed the property to Spencer, and it was attached by some of his creditors. This suit was then brought by Mrs. Spencer, against Spencer and the attaching creditors, for the purpose of compelling a conveyance of the property to her in conformity to the alleged agreement. She can only succeed by establishing that agreement, and by doing so she deprived Spencer of the land, and his creditors of the right to subject it to the payment of their debts. Spencer is therefore directly interested in the question at issue. If the appellant succeeds, he loses the property. If she fails, it is applied to the payment of his debts. He was proceeded against by constructive service and has not appeared, and she was therefore clearly incompetent to testify to any fact conducing to make out the alleged agreement.

But apart from her testimony the evidence strongly conduces to establish the agreement. The release of her potential right of dower was, as has been repeatedly held by this court, a valuable consideration, and the agreement if made on that consideration and free from fraud is enforceable both against Spencer and his creditors, whether prior or subsequent, and as Moore appears, from the imperfect record before us, to have purchased the property since this suit was brought he is a pendente lite purchaser, and cannot stand in a better position than was previously occupied by Spencer and his creditors.

The release of Mrs. Spencer's potential right of dower, being a valuable consideration for the agreement, and that agreement being established by the evidence, and the good faith of the transaction not being questioned in the pleadings, her right is superior to the rights of the attaching creditors, whether their debts were prior or subsequent to the agreement.

There is some evidence conducing in some degree to prove that the transaction between Spencer and his wife was fraudulent, but it is not so charged in any of the answers. The attempt to charge fraud is in these words. "He has no knowledge or information sufficient to

form a belief as to whether before the plaintiff would relinquish her dower to the land conveyed to the defendant M. L. Spencer promised and agreed to have the deed to the mill, houses, lots, etc., mentioned in the petition, made to the plaintiff, and he charges that, if said agreement was made, it was in fraud of M. L. Spencer's creditors and is void."

There is no averment in any of the answers that M. L. Spencer then owed any debts whatever. The agreement was not in and of itself fraudulent. It was upon a valuable consideration, and it was not enough to say it was fraudulent without averring the facts which showed that it was fraudulent, as that he was then involved in debt, or contemplated becoming indebteded, and made the agreement to cheat hinder or delay his creditors.

As the agreement was upon a valuable consideration, and is not impeached for fraud, the appellant has made out the right to the property. The attaching creditors had not perfected their claim to subject the property, when they received notice through this suit of the equity asserted by the appellant. The levy of their attachments created only an equity, and that equity being junior to the appellant's equity, hers must prevail.

The fact that her then husband demanded the deed from Bunch, after he had notified him to make the deed to her, did not affect her equity. He could not thus deprive even his wife of the benefit of the contract after it had been so far carried out as to be enforceable against him.

It does not appear that any of the sureties on Spencer's bail-bond ever had anything to pay on that bond, or that they sought, in any of the suits out of which that attachment emanated, to obtain indemnity. The evidence shows that Mrs. Spencer represented to some of those who went on the bond that the mill belonged to her husband, and advised them to attach it for their indemnity. But these representations could not divest her of any interest she then had in the property or render it liable in her hands to other debts of her husband. If it was sought to subject the property to indemnify the sureties, then her representations would estop her to set up her equity against them, but does not estop her to set it up against other liabilities, even though they are in favor of the same persons who were sureties in the bail-bond.

The appellant did not seek to compel Bunch to convey the property to her. Obviously he could not do so, for he had, as she alleged, already conveyed it to her husband. She, however, prays "for all

judgments, orders, and relief to which she may in equity be entitled." That relief on her statement of her case was to have a conveyance from Spencer, and not from Bunch.

On the record as it stands, the court should have granted the relief prayed for.

Judgment *reversed,* and cause remanded for further proper proceedings upon principles not inconsistent with this opinion.

*B. L. D. Guffy, for appellant. L. J. Smith, for appellee.*